JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sally Bosler, Deborah Transue and Dana Brooks

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard S. Swartz, Esquire and Justin L. Swidler, Esquire
Swartz Swidler LLC
1878 Marlton Pike, Suite 10, Cherry Hill, NJ  08003 (856) 685-7420

## DEFENDANTS

Fresenius Medical Care North America

County of Residence of First Listed Defendant    Lehigh
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Stephanie J. Peet, Esquire
Jackson Lewis P.C., 1601 Cherry Street, Suite 1350
Philadelphia, PA 19102 (267) 319-7802

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☒ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability
**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 USC § 1332(d)
Brief description of cause:
WPCL - Alleged Failure to Pay All Wages Owed

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/13/2014

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

### FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

JS 44 Reverse  (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.   Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Sally Bosler, Deborah Transue and Dana Brooks | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Fresenius Medical Care North America, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( X )

| | | |
|---|---|---|
| March 13, 2014 | Stephanie J. Peet, Esquire | Fresenius Medical Care North America |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (267) 319-7802 | (215) 399-2249 | stephanie.peet@jacksonlewis.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Richard S. Swartz, Esq., Swartz Swidler LLC, 1878 Marlton Pike, Suite 10, Cherry Hill, NJ  08003

Address of Defendant: Stephanie J. Peet, Esq., Jackson Lewis P.C., 1601 Cherry Street, Suite 1350, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:  Commonwealth of Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 28 USC § 1332 (d)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Stephanie J. Peet , counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: March 13, 2014      Stephanie J. Peet, Esquire      91744
Attorney-at-Law      Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 13, 2014      Attorney-at-Law      91744
Attorney I.D.#

CIV. 609 (5/2012)

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Richard S. Swartz, Esq., Swartz Swidler LLC, 1878 Marlton Pike, Suite 10, Cherry Hill, NJ  08003

Address of Defendant: Stephanie J. Peet, Esq., Jackson Lewis P.C., 1601 Cherry Street, Suite 1350, Philadelphia, PA 19102

Place of Accident, Incident or Transaction:  Commonwealth of Pennsylvania
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 28 USC § 1332 (d)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Stephanie J. Peet _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 13, 2014          Stephanie J. Peet, Esquire          91744
                              Attorney-at-Law                     Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: March 13, 2014          _[signature]_                      91744
                              Attorney-at-Law                     Attorney I.D.#

CIV. 609 (5/2012)

**JACKSON LEWIS P.C.**
Stephanie J. Peet
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SALLY BOSLER, on behalf of herself and those similarly situated.<br>1050 Hosensack Road<br>Palm, PA 18070 | : <br> : <br> : <br> : <br> : | Civil Action No.: _____ |
| and | : | |
| DEBORAH TRANSUE, on behalf of herself and those similarly situated.<br>913 Spring Street<br>Bethlehem, PA 18018 | : <br> : <br> : <br> : | **NOTICE AND PETITION FOR**<br>**REMOVAL OF A CIVIL ACTION FROM**<br>**THE COURT OF COMMON PLEAS OF**<br>**LEHIGH COUNTY** |
| and | : | |
| DANA BROOKS<br>913 Spring Street<br>Bethlehem, PA 18018 | : <br> : <br> : | |
| Plaintiffs. | : <br> : | |
| v. | : <br> : | |
| FRESENIUS MEDICAL CARE NORTH AMERICA<br>2820 Mitchell Avenue<br>Allentown, PA 18103 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| JOHN DOES 1-10 | : <br> : | |
| Defendants. | : | |

To:      Michael E. Kunz, Clerk of Court      Richard S. Swartz, Esq.
          United States District Court         Matthew D. Miller, Esq.
          Eastern District of Pennsylvania     Swartz Swidler LLC
          U.S. Courthouse              1878 Marlton Pike, Suite 10
          601 Market Street, Room 2609      Cherry Hill, NJ 08003
          Philadelphia, PA 19106-1797

Defendant Bio-Medical Applications of Pennsylvania, Inc. ("BMA-PA" or "Defendant") (improperly pled as "Fresenius Medical Care North America"), pursuant to 28 U.S.C. §§ 1332(d) and 1446, respectfully submits this notice and petition for removal of a case from the Court of Common Pleas of Lehigh County, Pennsylvania, bearing Docket No. 2014-C-138, and as grounds for this removal states as follows:

## I.    FACTUAL BACKGROUND

1.    On or about January 15, 2014, Plaintiffs Sally Bosler ("Plaintiff Bosler"), Deborah Transue ("Plaintiff Transue"), and Dana Brooks ("Plaintiff Brooks") (collectively "Plaintiffs") filed a civil action in the Court of Common Pleas of Lehigh County, Pennsylvania, bearing Docket No. 2014-C-138 entitled <u>Sally Bosler, Deborah Transue, and Dana Brooks v. Fresenius Medical Care North America, et al.</u> A true copy of the civil cover sheet and Complaint are annexed hereto as Exhibit A.  This document constitutes all pleadings, process and other documents served upon Defendant BMA-PA in this action.  This document was the initial pleading served upon BMA-PA setting forth the claims upon which Plaintiffs' action is based.

2.    Plaintiff served the Complaint in this action on February 12, 2014.

3.    Defendant has affected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable under the provisions of 28 U.S.C. § 1446(b).

4.      Defendant has not filed an answer or other pleading in the Court of Common Pleas of Lehigh County, Pennsylvania.[1]

5.      Plaintiff Bosler resides at 1050 Hosensack Road, Palm, Pennsylvania 18070.  *See* Complaint, ¶ 3.

6.      Plaintiff Transue resides at 913 Spring Street, Bethlehem, Pennsylvania 18018. *See* Complaint, ¶ 4.

7.      Plaintiff Brooks resides at 913 Spring Street, Bethlehem, Pennsylvania 18018. *See* Complaint, ¶ 5.

8.      BMA-PA is incorporated in the state of Delaware and maintains its principal place of business in the state of Massachusetts.  *See* Declaration of Claire Callahan, attached hereto as Exhibit C at ¶ 3.

9.      Plaintiffs' Complaint was filed under the Pennsylvania rule of judicial procedure authorizing actions be brought by one or more representative persons as a class action, Pennsylvania Rules of Civil Procedure § 1701 *et seq.*

10.     Plaintiffs' seek relief on behalf of themselves and an unspecified number of alleged similarly situated individuals for purported violations of the Pennsylvania Wage Payment and Collection Act ("WPCA") and common law.  *See* Complaint, ¶ 1.

11.     In Count One of the Complaint, Plaintiffs allege that since January 2011, "Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages owed by unlawfully deducting 30 minutes per shift for breaks that were not bona-fide meal breaks" in violation of the WPCA. *See* Complaint at ¶¶ 12 and 45.

---

[1] The parties entered into a consent order extending the time for Defendant to answer, move or otherwise respond to the Complaint. *See* Exhibit B.

12.     In Count II of the Complaint, Plaintiffs allege that since January 2010, "[b]y unlawfully deducting 30 minutes from Named Plaintiffs' and Class Plaintiffs' wages each work week, Defendants have been unjustly enriched" in violation of common law. *See* Complaint at ¶ 48.

13.     In the Complaint, Plaintiffs allege that "the number of potential class members is at least 40" and do not allege a specific amount in controversy. *See* Complaint at ¶ 13.

## II.     THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332(d), THE CLASS ACTION FAIRNESS ACT ("CAFA")

The Class Action Fairness Act of 2005 ("CAFA") grants district courts original subject matter jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." Dewey v. Volkswagen of Am., 728 F. Supp. 2d 546, 563 (D.N.J. 2010) (citing DiCarlo v. St. Mary Hosp., 530 F.3d 255, 261 (3d Cir. 2008) (citing the district court's application of 28 U.S.C. § 1332(d)(2)); see also 28 U.S.C. § 1332(d)(5)(B).  All of the elements required to establish original subject matter jurisdiction over this action under CAFA are satisfied.

### A.     The Proposed Class Is Greater Than 100 Members

Although Plaintiffs' Complaint only vaguely alleges "the number of potential class members is at least 40," Plaintiffs concede that they "do not know the exact size of the class" and that information regarding the potential class size "is in the exclusive control of Defendants." *See* Complaint at ¶ 13.  Plaintiffs further define the putative class as current and/or former hourly

employees "who within the last four years have worked or are presently working for Defendants as Registered Nurses or Dialysis Technicians." *Id.* at ¶ 20.

Defendant's records reflect that the number of current and/or former Registered Nurses and Patient Care Technicians who have worked or are presently working for it in the Commonwealth of Pennsylvania exceed the one-hundred (100) potential class member threshold for removal pursuant to CAFA and, in fact, exceed 2,000 potential class members. *See* Exhibit C, Declaration of Claire Callahan at ¶ 4. Accordingly, based on the allegations contained in the Complaint and the attached Declaration, the proposed class includes more than 100 potential members.

**B.     The Matter In Controversy Exceeds The Sum Or Value Of $5,000,000, Exclusive Of Interest And Costs.**

Without admitting that Plaintiffs or the purported class could recover any damages, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.[2] In the Third Circuit, two different rules apply when determining the "amount in controversy" depending upon the specificity of the allegations contained in the Complaint. In cases "where the complaint specifically avers that the amount sought is less than the jurisdictional minimum," the rule of Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) applies. Frederico v. Home Depot, 507 F.3d 188, 196-97 (3d Cir. 2007). In such cases, "a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount." *Id.*

Here, the Complaint does not specifically aver the amount sought is less than $5,000,000. Accordingly, the Morgan rule does not apply. Rather, the Third Circuit's decision in Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392 (3d Cir. 2004) controls whether Defendant has established the "amount in controversy" sufficient to establish subject matter jurisdiction.

---

[2] Defendant disputes that there should be a class, and to the extent that a class is certified, that it should be defined as proposed by Plaintiffs. Defendant further disputes any liability or damages as alleged by Plaintiffs.

"Samuel-Bassett applies where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum.  There, the case must be remanded if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount."  Frederico, 507 F.3d 18 at 197.Under the "legal certainty test,""[w]hen it appears to a legal certainty that the plaintiff was never entitled to recover the jurisdictional amount, the case must be dismissed."  Id. at 194 (citing Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993); Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1993) ("When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded . . . .").)  "The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover" $5,000,000.  Id. at 195 (quoting Valley v. State Farm Fire and Cas. Co., 504 F. Supp. 2d 1, 3-4 (E.D.Pa. 2006).)  "None of [the applicable Third Circuit] cases require the defendant to prove the jurisdictional amount to a legal certainty in order to remain in federal court."  Id.

In Frederico, like here, the Complaint "did not state an exact sum sought."  Id. at 197.  In that case, the Third Circuit found federal jurisdiction proper where:

> Assuming that Plaintiff's payment of $287.14 represents the average actual damages of each member of the putative class and the maximum punitive damages allowable under New Jersey law were awarded (see N.J. Stat. § 2A:15-5.14(b)), Plaintiff need only prevail on behalf of 2,903 class members for the class recovery to exceed $5,000,000.  Given that Plaintiff has alleged a putative class consisting of "thousands" if not "tens of hundreds of thousands" of members, it is more likely than not that $5,000,000 or more is in controversy in this case.

Id. (internal citations omitted).

Here, Plaintiffs allege that they each earned a specific hourly rate (Plaintiff Bosler-$31.32 plus a $1.80 shift differential; Plaintiff Transue-$19.40 plus a $1.50 shift differential; and Plaintiff Brooks-$16.72 plus a $1.00 shift differential) and that they seek thirty (30) minutes of

pay for each shift worked over the course of the past four (4) years.   Based on Plaintiffs'
allegations, their average hourly rate of pay totals $23.91, for an average claim of $11.96 per 30
minute meal break (((Plaintiff Bosler hourly rate with shift differential + Plaintiff Transue hourly
rate with shift differential + Plaintiff Brooks hourly rate with shift differential) / 3) / 2).
Assuming three (3) shifts per week over fifty (50) weeks during the course of the four (4) year
statute of limitations, the potential damages for the 2,000 putative class members would exceed
the $5,000,000 threshold.[3]

In addition to the alleged wages, Plaintiffs also seek liquidated damages pursuant to the
WPCA, which is equal to 25% of the back wages allegedly due.   *See* Complaint at
WHEREFORE section; 43 P.S. § 260.10.  Moreover, like in Frederico, Plaintiffs seek attorneys'
fees, which "can exceed six figures in a class action and are properly aggregated and considered
for purposes of determining the amount in controversy under CAFA."  *Id.* (citing 28 U.S.C. §
1332(d)(6) and Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) ("Moreover, in
calculating the amount in controversy, we must consider potential attorneys' fees.").   In
Frederico, the Third Circuit held that

> [i]n Morgan, the plaintiff expressly limited, in her complaint, the damages sought
> to less than the jurisdictional threshold.   Here (like in the present case),
> by contrast, Frederico does not explicitly limit the amount in controversy to $5
> million or less. Therefore, the case falls under the framework established by
> Samuel-Bassett.

*Id.* at 198.   In affirming the removal and decision not to remand the case, the Third Circuit
concluded that "as it does not appear to a legal certainty that Frederico cannot recover the
jurisdictional amount, the case need not be remanded and we may proceed to the substantive
merits of this appeal."  *Id.* at 199.

---

[3]CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to
determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and
costs."  28 U.S.C. §1332(d)(6).

Accordingly, because Plaintiffs have not specifically averred in the Complaint that the amount in controversy is less than $5,000,000, and because Defendant is not required to prove Plaintiffs could recover $5,000,000 in order to remain in federal court, CAFA's "amount in controversy" element is satisfied.

### C.      This Matter Is A "Class Action."

The CAFA defines a "class action" as

> **(B)** the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action

28 U.S.C. § 1332(d)(1)(B).  This matter constitutes a "class action."  The Complaint was filed under the Pennsylvania rule of judicial procedure authorizing actions be brought by one or more representative persons as a class action, Pennsylvania Rules of Civil Procedure § 1701 et seq. *See* Complaint, ¶ 11.  Plaintiffs have affirmatively alleged the elements of class action certification and have specifically pled a class of "current and/or former hourly employees of Defendants, who within the last four years have worked or are presently working for Defendants as Registered Nurses or Dialysis Technicians." *Id.* at ¶ 20.

### D.      Plaintiff Is A Citizen Of A State Different From BMA-PA.

In order to meet the "minimal diversity" required under CAFA, any member of a class of plaintiffs must be a citizen of a state different from any defendant.  <u>Dewey</u>, 728 F. Supp. 2d at 563.  Plaintiffs Bosler, Transue and Brooks are citizens of a state different from Defendant BMA-PA.  Plaintiffs affirmatively allege that they are citizens of Pennsylvania. *See* Complaint, ¶¶ 3-5.  Defendant BMA-PA is a citizen of the states of Delaware and Massachusetts.  BMA-PA is incorporated in the state of Delaware and maintains its principal place of business in the state of Massachusetts. *See* ¶ 9 above. *See also* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") Accordingly, the "minimal diversity" required under CAFA is established in this case.[4]

Defendant has established all of the elements of original jurisdiction of this Court under the CAFA.  For this reason, this case should be removed to this Court.

## III.    CONCLUSION

This Court has original jurisdiction over Plaintiffs' claims by virtue of the CAFA. Lehigh County, Pennsylvania, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the Eastern District of Pennsylvania, therefore, venue is proper in this Court.  Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiffs or conceding Plaintiffs have pled claims upon which relief may be granted.  Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiffs and will file a Notification of Removal with the clerk of the Court of Commons Pleas of Lehigh County.  As required by 28 U.S.C. § 1446(d), a true and correct copy of the Notification of Removal is attached hereto as Exhibit D.

---

[4]The citizenship of the anonymous John Doe Defendants are irrelevant for purposes of establishing CAFA diversity. All that is required is that one plaintiff and one defendant are not citizens of the same state.  "Moreover, there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal the citizenship of defendants sued under fictitious names shall be disregarded."  Brooks v. Purcell, 57 Fed. Appx.47, 50 (3d Cir. 2002).

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Court of Common Pleas of Lehigh County, Pennsylvania, be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____

Stephanie J. Peet (PA 91744)
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT

Dated: March 13, 2014

**JACKSON LEWIS P.C.**
Stephanie J. Peet
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA  19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SALLY BOSLER, on behalf of herself and those similarly situated.<br>1050 Hosensack Road<br>Palm, PA 18070 | : : : : : : | Civil Action No.: _____ |
| and | : : | |
| DEBORAH TRANSUE, on behalf of herself and those similarly situated.<br>913 Spring Street<br>Bethlehem, PA 18018 | : : : : : | **CERTIFICATE OF SERVICE** |
| and | : : | |
| DANA BROOKS<br>913 Spring Street<br>Bethlehem, PA 18018 | : : : : : | |
| Plaintiffs. | : : | |
| v. | : : : | |
| FRESENIUS MEDICAL CARE NORTH AMERICA<br>2820 Mitchell Avenue<br>Allentown, PA 18103 | : : : : : | |
| and | : : : | |
| JOHN DOES 1-10 | : : : | |
| Defendants. | : : | |

I hereby certify that a true and correct copy of Defendant's Notice and Petition for Removal and this Certificate of Service were served upon Plaintiffs' counsel, Richard S. Swartz and Justin L. Swidler, Swartz Swidler, LLC, 1878 Marlton Pike, Suite 10, Cherry Hill, New Jersey 08003 by sending said documents, via first class mail, on this 13th day of March, 2014.

JACKSON LEWIS P.C.

By: _____
Stephanie J. Peet (PA 91744)
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT

4825-5031-1961, v. 2

# Exhibit "A"

**FILED**
2014 JAN 15  AM 10:31
CLERK OF JUDICIAL RECORDS
LEHIGH COUNTY, PA

# Supreme Court of Pennsylvania

## Court of Common Pleas
### Civil Cover Sheet

Lehigh _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 2014-C-138 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| SALLY BOSLER | FRESENIUS MEDICAL CARE NORTH AMERICA |

| Are money damages requested? [x] Yes [ ] No | Dollar Amount Requested: (check one) | [ ] within arbitration limits [x] outside arbitration limits |
| --- | --- | --- |

| Is this a *Class Action Suit*? [x] Yes [ ] No | Is this an *MDJ Appeal*? [ ] Yes [x] No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney:  RICHARD S. SWARTZ, ESQ

- [ ] Check here if you have no attorney (are a Self-Represented (Pro Se) Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** (*do not include Mass Tort*)
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (*does not include mass tort*)
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (*do not include Judgments*)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [x] Employment Dispute: Other WPCL - Failure to Pay All Wages Owed

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

FILED
2014 JAN 15 AM 10: 31
CLERK OF JUDICIAL RECORDS
LEHIGH COUNTY, PA

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

SALLY BOSLER, on behalf of herself and those
similarly situated, and DEBORAH TRANSUE,
on behalf of herself and those similarly situated,
and DANA BROOKS                           :
                          Plaintiff        :

            vs.                            :    File No.  2014-C-138
FRESENIUS MEDICAL CARE                     :
NORTH AMERICA                              :
and                                        :
JOHN DOES 1-10                             :
                          Defendant        :

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO

NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.


IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE

TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER

LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.


LEHIGH COUNTY BAR ASSOCIATION

LAWYER REFERRAL SERVICE

1114 WALNUT STREET

ALLENTOWN, PENNSYLVANIA 18102

TELEPHONE: 610-433-7094

_____
Signature

Richard S. Swartz
(Name)

1878 Marlton Pike East, Suite 10, Cherry Hill, NJ 08003
(Address)

(856) 685-7420
(Telephone Number)



**SWARTZ SWIDLER LLC**
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
Matthew D. Miller, Esq.
1878 Marlton Pike, Suite 10
Cherry Hill, NJ 08003
Tel: (856) 685-7420
Fax: (856) 685-7417

SALLY BOSLER, on behalf of herself and
those similarly situated,
1050 Hosensack Road
Palm, PA 18070

    and

DEBORAH TRANSUE, on behalf of herself
and those similarly situated,
913 Spring Street
Bethlehem, PA 18018

    And

DANA BROOKS
913 Spring Street
Bethlehem, PA 18018

        Plaintiffs,

      v.

FRESENIUS MEDICAL CARE NORTH
AMERICA
2820 Mitchell Avenue
Allentown, PA 18103

    and

JOHN DOES 1-10

        Defendants.

COURT OF COMMON PLEAS
OF LEHIGH COUNTY

No.   2014 -C-138

**JURY TRIAL DEMANDED**

## INDIVIDUAL AND CLASS ACTION COMPLAINT

Named Plaintiffs Sally Bosler, Deborah Transue, and Dana Brooks (hereinafter

collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly

situated (hereinafter collectively referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendants Fresenius Medical Care North America and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1.      Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Pennsylvania Wage Payment and Collection Act ("WPCA") and the common law of Pennsylvania. Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs all wages due by unlawfully deducting from Named Plaintiffs' and Class Plaintiffs' wages. As a result of aforesaid unlawful actions, Named Plaintiffs and Class Plaintiffs have suffered harm.

## PARTIES

2.      The foregoing paragraphs are incorporated herein as if set forth in full.

3.      Named Plaintiff Sally Bosler (hereinafter "Named Plaintiff Bosler") is an adult individual with an address as set forth above.

4.      Named Plaintiff Deborah Transue (hereinafter "Named Plaintiff Transue") is an adult individual with an address as set forth above.

5.      Named Plaintiff Dana Brooks (hereinafter "Named Plaintiff Brooks") is an adult individual with an address as set forth above.

6.      Defendant Fresenius Medical Care North America is a medical care provider which operates in Pennsylvania.

7.      Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Class Plaintiffs proper compensation pursuant to the WPCA.

8.      Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and Class Plaintiffs.

9.      At all times relevant herein. Defendants acted by and through their agents, servants. and employees. each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## CLASS ACTION ALLEGATIONS

10.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11.     Pursuant to Rule 1702, *et seq.* of the Pennsylvania Rules of Civil Procedure. Pennsylvania Named Plaintiffs bring their claims for relief to redress Defendants' violations of the WPCA and Pennsylvania common law on behalf of themselves and those similarly situated.

12.     Specifically. Named Plaintiffs seek to represent a class of all individuals who work or worked for Defendants within the last three (3) years and who were subject to Defendants' unlawful policies. as discussed *infra*.

13.     The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class. as such information is in the exclusive control of Defendants: however. on information and belief. the number of potential class members is at least 40.

14.     Named Plaintiffs' claims are typical of the claims of the Class Plaintiffs. because Named Plaintiffs, like all Class Plaintiffs. were employees of Defendants in Pennsylvania within the last four (4) years and to whom Defendants failed to pay all wages due by unlawfully deducting pay.

15.     Named Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to, those

of the class.   Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

16.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

17.     A class action provides a fair and efficient method for adjudication of this controversy.   Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.

18.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class are whether Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages due by unlawfully deducting from their wages.

## FACTUAL BACKGROUND

19.     The foregoing paragraphs are incorporated herein as if set forth in full.

20.     Named Plaintiffs and Class Plaintiffs are current and/or former hourly employees of Defendants. who within the last four years have worked or are presently working for Defendants as Registered Nurses or Dialysis Technicians.

21.     In or around 2006. Named Plaintiff Bosler began working for Defendants as a Registered Nurse.

22.     Named Plaintiff Bosler currently works at Defendants' South Allentown location.

23.      Defendants pay Named Plaintiff Bosler an hourly rate of $31.32 plus a $1.80 shift differential per hour.

24.      In or around 1991, Named Plaintiff Transue began working for Defendants as a Dialysis Technician.

25.      Named Plaintiff Transue currently works at Defendants' South Allentown location.

26.      Defendants pay Named Plaintiff Transue an hourly rate $19.40 plus a $1.50 shift differential per hour.

27.      In or around 2008, Named Plaintiff Brooks began working for Defendants as a Dialysis Technician.

28.      In or around 2009, Named Plaintiff Brooks began working the night shift at Defendants' Bethlehem and South Allentown locations.

29.      Defendants pay Named Plaintiff Brooks an hourly rate $16.72 plus a $1.00 shift differential per hour.

30.      Defendants allow Named Plaintiffs to take a 30-minute, unpaid meal break during each shift.

31.      Defendants' policies require a staff/patient ratio of at least one (1) staff member for every five (5) patients at all times during Named Plaintiffs' shifts.

32.      Named Plaintiffs each work alongside two (2) other staff members during their shifts (three (3) total staff members) to cover patients that number between 11 and 15.

33.      Due to Defendants' ratio policy, Named Plaintiffs are not permitted to leave the building during meal breaks.

34.      Therefore, Named Plaintiffs have rarely, if ever, taken a bona-fide meal break.

35.     Accordingly. Defendants regularly dock Named Plaintiffs for 30-minute meal breaks which Named Plaintiffs do not take. resulting in Named Plaintiffs not being paid for all hours worked.

36.     Defendants allow/allowed Class Plaintiffs to take a 30 minute. unpaid meal break each day they work/worked.

37.     Defendants' policies require/required a staff/patient ratio of at least one (1) staff member for every five (5) patients at all times during Class Plaintiffs' shifts.

38.     Due to Defendants' ratio policy, Class Plaintiffs are/were not permitted to leave the building during said meal breaks.

39.     Therefore. Class Plaintiffs rarely, if ever. take/took a bona-fide meal break.

40.     Accordingly. Defendants regularly dock/docked Class Plaintiffs for 30-minute meal breaks which Class Plaintiffs do/did not take. resulting in Class Plaintiffs not being paid for all hours worked.

41.     As a result of Defendants' conduct. as set forth above, Named Plaintiffs and Class Plaintiffs have suffered damages.

## COUNT I
### Pennsylvania Wage Payment and Collection Law ("WPCL")
#### (Failure to Pay All Wages Owed)
#### (Named Plaintiffs and Class Plaintiffs v. Defendants)

42.     The foregoing paragraphs are incorporated herein as if set forth in full.

43.     At all times relevant herein. Defendants have and continue to be an "employer" within the meaning of the WPCL.

44.     At all times relevant herein, Named Plaintiffs and Class Plaintiffs were employed by Defendants as "employees" within the meaning of the WPCL.

45.    Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages owed by unlawfully deducting 30 minutes per shift for breaks that were not bona-fide meal breaks.

46.    As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**COUNT II**
**Pennsylvania Common Law**
**(Unjust Enrichment)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

47.    The foregoing paragraphs are incorporated herein as if set forth in full.

48.    By unlawfully deducting 30 minutes from Named Plaintiffs' and Class Plaintiffs' wages each workweek, Defendants have been unjustly enriched.

49.    As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

A.    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of federal and state wage and hour laws;

B.    Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

C.    Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D.    Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E.     Named Plaintiffs and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Richard Swartz*
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
Matthew D. Miller, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: December 10, 2013

## DEMAND TO PRESERVE EVIDENCE

1.     Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiffs' and Class Plaintiffs' employment, to Named Plaintiffs' and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

# Exhibit "B"

IN THE COURT OF COMMON PLEAS
OF LEHIGH COUNTY, PENNSYLVANIA

SALLY BOSLER, DEBORAH TRANSUE ) 
and DANA BROOKS )
                    )   CIVIL DIVISION
                    )   CASE NO. 2014-C-138
         Plaintiffs, )
                    )
        v. )
                    )
FRESENIUS MEDICAL CARE NORTH )
AMERICA, )
                    )
       Defendant. )

STIPULATION TO EXTEND TIME
TO ANSWER, MOVE OR OTHERWISE PLEAD

It is hereby stipulated, by and between the undersigned counsel, that the time within which defendant Fresenius Medical Care North America may file an answer, motion or otherwise plead in response to plaintiff's Complaint be extended to and include March 18, 2014.

Richard S. Swartz, Esquire
Justin L. Swidler, Esquire
Matthew D. Miller, Esquire
SWARTZ SWIDLER LLC
1878 Marlton Pike, Suite 10
Cherry Hill, NJ 08003
Attorneys for Plaintiffs

Stephanie J. Peet, Esquire
JACKSON LEWIS P.C.
Three Parkway
1601 Cherry Street, Suite 1350
Philadelphia, PA 19102
Attorneys for Defendants

DATED: March 4, 2014

4835-0539-2398, v. 1

Exhibit "C"

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALLY BOSLER, on behalf of herself and those similarly situated. 1050 Hosensack Road Palm, PA 18070 | : : : : | Civil Action No.:_____ |
| and | : | |
| DEBORAH TRANSUE, on behalf of herself and those similarly situated. 913 Sprint Street Bethlehem, PA 18018 | : : : : : | |
| and | : | |
| Dana Brooks 913 Spring Street Bethlehem, PA 18103 | : : : : | |
| Plaintiffs. | : : | |
| v. | : : | |
| FRESENIUS MEDICAL CARE NORTH AMERICA 2820 Mitchell Avenue Allentown, PA 18103 | : : : : : | |
| and | : : | |
| JOHN DOES 1-10 | : : | |
| Defendants. | : : | |

## DECLARATION OF CLAIRE CALLAHAN

I, Claire Callahan, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I submit this declaration in the above-captioned matter.  The following facts are within my personal knowledge, and I would so testify if called to be a witness in this matter.

2.     I am currently employed by Fresenius Management Services, Inc. ("FMS"), a wholly owned subsidiary of Bio-Medical Applications Management Company, Inc., which also owns Defendant Bio-Medical Applications of Pennsylvania, Inc. ("BMA-PA" or "Defendant") (improperly pled in the Complaint as "Fresenius Medical Care North America") as Senior Vice President, People Management.  I have worked for FMS and its predecessors since 1985.

3.     BMA-PA is incorporated in the State of Delaware and maintains its principal place of business in the Commonwealth of Massachusetts.

4.     I reviewed relevant records regarding the number of Registered Nurses and Patient Care Technicians employed by BMA-PA in the Commonwealth of Pennsylvania from January 2010 through January 2014.  The number of current and/or former Registered Nurses and Patient Care Technicians employed in the Commonwealth of Pennsylvania during that time period exceeds 2,000 individuals.

I declare under the penalty of perjury that the foregoing is true and correct.

This the ___12th___ day of March, 2014.

CLAIRE CALLAHAN

Sworn to and subscribed before me
This _____ day of March, 2014.

Notary Public—Commonwealth of Pennsylvania
My Commission Expires: ___May___

4822-2807-2217, v. 1

2

Exhibit "D"

## IN THE COURT OF COMMON PLEAS
## OF LEHIGH COUNTY, PENNSYLVANIA

| | |
|---|---|
| SALLY BOSLER, DEBORAH TRANSUE and DANA BROOKS       )<br><br>Plaintiffs,      )<br><br>v.      )<br><br>FRESENIUS MEDICAL CARE NORTH AMERICA,      )<br><br>Defendant.      ) | CIVIL DIVISION<br>CASE NO. 2014-C-138 |

### NOTICE OF REMOVAL OF CASE FROM THE
### COURT OF COMMON PLEAS OF LEHIGH COUNTY

To:    Clerk of Judicial Records – Civil Division
Lehigh County Courthouse
455 West Hamilton Street
Room 122
Allentown, PA 18101-1614

Richard S. Swartz, Esq.
Matthew D. Miller, Esq.
Swartz Swidler LLC
1878 Marlton Pike, Suite 10
Cherry Hill, NJ 08003
Attorneys for Plaintiffs

**PLEASE TAKE NOTICE** that Defendant, Bio-Medical Applications of Pennsylvania, Inc. ("BMA-PA" or "Defendant") (improperly pled as "Fresenius Medical Care North America") has forwarded for filing its notice and petition for removal of this action to the United States District Court for the Eastern District of Pennsylvania on March 13, 2014. A copy of the notice and petition filed with the United States District Court is submitted herewith as Exhibit "A".

**PLEASE TAKE FURTHER NOTICE**, that Defendant hereby files a copy of its notice and petition with the Court of Common Pleas of Lehigh County, in accordance with 28 U.S.C. §1446.

Respectfully submitted,

JACKSON LEWIS P.C.

By: _____
Stephanie J. Peet (PA 91744)
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT

Dated: March 13, 2014

4814-5284-8921, v. 1

**JACKSON LEWIS P.C.**
Stephanie J. Peet
Three Parkway
1601 Cherry Street
Suite 1350
Philadelphia, PA 19102
T: (267) 319-7802
F: (215) 399-2249

ATTORNEYS FOR DEFENDANT

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SALLY BOSLER, on behalf of herself and those similarly situated. | : | Civil Action No.: _____ |
| 1050 Hosensack Road | : | |
| Palm, PA 18070 | : | |
| | : | |
| and | : | |
| | : | |
| DEBORAH TRANSUE, on behalf of herself and those similarly situated. | : | **NOTICE OF COMPLIANCE** |
| 913 Spring Street | : | **WITH 28 U.S.C. § 1446(d)** |
| Bethlehem, PA 18018 | : | |
| | : | |
| and | : | |
| | : | |
| DANA BROOKS | : | |
| 913 Spring Street | : | |
| Bethlehem, PA 18018 | : | |
| | : | |
| Plaintiffs. | : | |
| | : | |
| v. | : | |
| | : | |
| FRESENIUS MEDICAL CARE NORTH AMERICA | : | |
| 2820 Mitchell Avenue | : | |
| Allentown, PA 18103 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN DOES 1-10 | : | |
| | : | |
| Defendants. | : | |

To:    Michael E. Kunz, Clerk of Court          Richard S. Swartz, Esq.
       United States District Court             Matthew D. Miller, Esq.
       Eastern District of Pennsylvania         Swartz Swidler LLC
       U.S. Courthouse                          1878 Marlton Pike, Suite 10
       601 Market Street, Room 2609             Cherry Hill, NJ 08003
       Philadelphia, PA 19106-1797

        Pursuant to the requirements of 28 U.S.C. § 1446(d), on March 13, 2014, a Notice of

Filing of Petition for Removal, a true copy of which is attached hereto as Exhibit "A", has been

sent to the Clerk of the Court of Common Pleas of Lehigh County, Pennsylvania for filing.


                        Respectfully submitted,

                        JACKSON LEWIS P.C.


By:    _____
       Stephanie J. Peet (PA 91744)
       Three Parkway
       1601 Cherry Street
       Suite 1350
       Philadelphia, PA19102
       T: (267) 319-7802
       F: (215) 399-2249

                        ATTORNEYS FOR DEFENDANT


Dated: March 13, 2014