# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY BOSLER, on behalf of herself and those similarly situated,<br><br>and<br><br>DEBORAH TRANSUE, on behalf of herself and those similarly situated,<br><br>and<br><br>DANA BROOKS, on behalf of herself and those similarly situated<br><br>        Plaintiffs,<br><br>   v.<br><br>BIO-MEDICAL APPLICATIONS OF PENNSYLVANIA D/B/A FRESENIUS MEDICAL CARE,<br><br>and<br><br>JOHN DOES 1-10<br><br>        Defendants. | CIVIL ACTION NO.: 5:14-cv-01530-JLS |

## **FIRST AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT**

Named Plaintiffs Sally Bosler, Deborah Transue, and Dana Brooks (hereinafter collectively referred to as "Named Plaintiffs"), on behalf of themselves and those similarly situated (hereinafter collectively referred to as "Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendants Bio-Medical Applications of Pennsylvania, Inc. d/b/a Fresenius Medical Care and John Does 1-10 (hereinafter collectively referred to as "Defendants").

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress Defendants' violations of the Pennsylvania Wage Payment and Collection Act ("WPCA") and the common law of Pennsylvania. Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs all wages due by unlawfully deducting from Named Plaintiffs' and Class Plaintiffs' wages. As a result of aforesaid unlawful actions, Named Plaintiffs and Class Plaintiffs have suffered harm.

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Named Plaintiff Sally Bosler (hereinafter "Named Plaintiff Bosler") is an adult individual with an address as set forth above.

4. Named Plaintiff Deborah Transue (hereinafter "Named Plaintiff Transue") is an adult individual with an address as set forth above.

5. Named Plaintiff Dana Brooks (hereinafter "Named Plaintiff Brooks") is an adult individual with an address as set forth above.

6. Defendant Bio-Medical Applications of Pennsylvania, Inc. d/b/a Fresenius Medical Care North America is a medical care provider which operates in Pennsylvania.

7. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Class Plaintiffs proper compensation pursuant to the WPCA.

8. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs and Class Plaintiffs.

9. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## CLASS ACTION ALLEGATIONS

10. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11. Pursuant to Rule 1702, *et seq.* of the Pennsylvania Rules of Civil Procedure, Pennsylvania Named Plaintiffs bring their claims for relief to redress Defendants' violations of the WPCA and Pennsylvania common law on behalf of themselves and those similarly situated.

12. Specifically, Named Plaintiffs seek to represent a class of all individuals who work or worked for Defendants within the last three (3) years and who were subject to Defendants' unlawful policies, as discussed *infra*.

13. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least 40.

14. Named Plaintiffs' claims are typical of the claims of the Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants in Pennsylvania within the last four (4) years and to whom Defendants failed to pay all wages due by unlawfully deducting pay.

15. Named Plaintiffs will fairly and adequately protect the interests of the Class Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

16. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

17. A class action provides a fair and efficient method for adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.

18. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages due by unlawfully deducting from their wages.

## FACTUAL BACKGROUND

19. The foregoing paragraphs are incorporated herein as if set forth in full.

20. Named Plaintiffs and Class Plaintiffs are current and/or former hourly employees of Defendants, who within the last four years have worked or are presently working for Defendants as Registered Nurses or Dialysis Technicians.

21. In or around 2006, Named Plaintiff Bosler began working for Defendants as a Registered Nurse.

22. Named Plaintiff Bosler currently works at Defendants' South Allentown location.

23. Defendants pay Named Plaintiff Bosler an hourly rate of $31.32 plus a $1.80 shift differential per hour.

24. In or around 1991, Named Plaintiff Transue began working for Defendants as a Dialysis Technician.

25. Named Plaintiff Transue currently works at Defendants' South Allentown location.

26. Defendants pay Named Plaintiff Transue an hourly rate $19.40 plus a $1.50 shift differential per hour.

27. In or around 2008, Named Plaintiff Brooks began working for Defendants as a Dialysis Technician.

28. In or around 2009, Named Plaintiff Brooks began working the night shift at Defendants' Bethlehem and South Allentown locations.

29. Defendants pay Named Plaintiff Brooks an hourly rate $16.72 plus a $1.00 shift differential per hour.

30. Defendants allow Named Plaintiffs to take a 30-minute, unpaid meal break during each shift.

31. Defendants' policies require a staff/patient ratio of at least one (1) staff member for every five (5) patients at all times during Named Plaintiffs' shifts.

32. Named Plaintiffs each work alongside two (2) other staff members during their shifts (three (3) total staff members) to cover patients that number between 11 and 15.

33. Due to Defendants' ratio policy, Named Plaintiffs are not permitted to leave the building during meal breaks.

34. During their meal breaks, Named Plaintiffs must remain on-call during the entire 30-minute meal break to respond to patients' needs.

35. Therefore, Named Plaintiffs have rarely, if ever, taken a bona-fide meal break.

36. Moreover, Defendants agreed to pay Named Plaintiffs "according to hours worked" per Defendants' Employee Wages & Work Hours Policy ("Wage & Hour Policy") which was in effect from August 1, 2009 until June 23, 2013. ***See* Wage & Hour Policy (2009), p. 2, attached hereto as Exhibit A.**

37. Defendants' Wage & Hour Policy expressly defines "hours worked" as "[a]ll the time an employee is required to be 1) on duty, **2) on the employer's premises, or 3) at any prescribed place of work,** or any additional time the employee is allowed to work whether or not requested by the employer." ***See* Exhibit A, p. 3.**

38. In a subsequent section, Defendants' Wage & Hour Policy also provides that "[m]eal periods are 30 minutes and are not considered hours worked." ***See* Exhibit A, p. 5.**

39. Defendants' Wage & Hour Policy constituted a contract between Defendants and Named Plaintiffs to pay Named Plaintiffs for any hours where Named Plaintiffs are/were required to remain at Defendants' facility.

40. Accordingly, Defendants' Wage & Hour required Defendants to pay Named Plaintiffs for any meal periods during which Defendants required Named Plaintiffs to be on Defendants' premises.

41. On June 23, 2013, Defendants revised their Wage & Hour Policy to redefine "hours worked" as "all time an employee is required to perform job duties, or any additional time the employee works whether or not requested by the employer." ***See* Wage & Hour Policy (2013), p. 2, attached hereto as Exhibit B.**

42. Accordingly, Defendants regularly dock/docked Named Plaintiffs for 30-minute meal breaks which Named Plaintiffs do not take and/or should have been considered as hours worked by Defendants, resulting in Named Plaintiffs not being paid for all hours worked.

43. Defendants allow/allowed Class Plaintiffs to take a 30 minute, unpaid meal break each day they work/worked.

44. Defendants' policies require/required a staff/patient ratio of at least one (1) staff member for every five (5) patients at all times during Class Plaintiffs' shifts.

45. Due to Defendants' ratio policy, Class Plaintiffs are/were not permitted to leave the building during said meal breaks.

46. During their meal breaks, Class Plaintiffs must remain on-call during the entire 30-minute meal break to respond to patients' needs.

47. Therefore, Class Plaintiffs rarely, if ever, take/took a bona-fide meal break.

48. Moreover, Defendants' Wage & Hour Policy constituted a contract between Defendants and Class Plaintiffs to pay Class Plaintiffs for any hours where Class Plaintiffs are/were required to remain at Defendants' facility. *See* **Exhibit A, p. 2-3.**

49. Accordingly, Defendants' Wage & Hour Policy required Defendants to pay Class Plaintiffs for any meal periods during which Defendants required Class Plaintiffs to be on Defendants' premises.

50. Accordingly, Defendants regularly dock/docked Class Plaintiffs for 30-minute meal breaks which Class Plaintiffs do/did not take and/or should have been considered as hours worked by Defendants, resulting in Class Plaintiffs not being paid for all hours worked.

51. As a result of Defendants' conduct, as set forth above, Named Plaintiffs and Class Plaintiffs have suffered damages.

**COUNT I**
**Pennsylvania Wage Payment and Collection Law ("WPCL")**
**(Failure to Pay All Wages Owed)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the WPCL.

54. At all times relevant herein, Named Plaintiffs and Class Plaintiffs were employed by Defendants as "employees" within the meaning of the WPCL.

55. Defendants entered into an agreement to pay Named Plaintiffs and Class Plaintiffs compensation for all hours during which Defendants required them to remain on Defendants' premises.

56. Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages owed by unlawfully deducting 30 minutes per shift for breaks that were not bona-fide meal breaks.

57. Furthermore, Defendants' conduct in failing to pay Named Plaintiffs and Class Plaintiffs according to the above agreement violated the WPCL.

58. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
**Pennsylvania Common Law**
**(Unjust Enrichment)**
**(Named Plaintiffs and Class Plaintiffs v. Defendants)**

59. The foregoing paragraphs are incorporated herein as if set forth in full.

60. By unlawfully deducting 30 minutes from Named Plaintiffs' and Class Plaintiffs' wages each workweek, Defendants have been unjustly enriched.

61. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom in violation of federal and state wage and hour laws;

B. Defendants are to compensate, reimburse, and make Named Plaintiffs and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

C. Named Plaintiffs and Class Plaintiffs are to be awarded liquidated damages for Defendants' illegal actions, as provided under applicable law;

D. Named Plaintiffs and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

E. Named Plaintiffs and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Matthew Miller*_____
Matthew D. Miller, Esq.
Richard S. Swartz, Esq.
Justin L. Swidler, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: August 1, 2014