IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SALLY BOSLER, et al.

v.                                    C.A. NO. 14-1530

BIO-MEDICAL APPLICATIONS OF
PENNSYLVANIA D/B/A FRESENIUS
MEDICAL CARE, et al.

## MEMORANDUM OPINION

SCHMEHL, J.                           FEBRUARY 3, 2015

Named Plaintiffs brought this purported class action on behalf of themselves and those similarly situated claiming that defendant Bio-Medical Applications of Pennsylvania d/b/a Fresenius Medical Care ("Fresenius") violated the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat. Ann.. § 260.1 et seq. ("WPCL") when Fresenius failed to pay Named Plaintiffs for 30-minute meal breaks, despite requiring the Named Plaintiffs to remain on Fresenius' premises and on-call during the meal break. Plaintiffs have added a count for unjust enrichment. Presently before the Court is Fresenius' motion to dismiss the Named Plaintiffs' First Amended Individual and Class Action Complaint for failure to state a claim upon which relief can be granted. The Court previously heard oral argument on the motion. For the reasons that follow, the motion is granted.

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving

party. See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs., 237 F. 3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right of relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. Phillips v. Cnty of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Simply reciting the elements will not suffice. Id. (Holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss).

Our Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. Id. at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged-but

2

has failed to show-that the pleader is entitled to relief. Id.

According to the amended complaint, Named Plaintiffs are current and former hourly or at-will employees of Fresenius, who have worked for Fresenius within the last four years as Registered Nurses or Dialysis Technicians. Am. Compl. at ¶ 20. Specifically, plaintiff Sally Bosler began employment with defendant in 2005 (id. at ¶ 21), plaintiff Transue in 1991 (id at ¶ 24) and plaintiff Brooks in 2008. (id at ¶ 27). Fresenius permits Named Plaintiffs to take a 30-minute, unpaid meal break during each shift. Id. at ¶ 30. Fresenius' policies require a staff/patient ratio of at least one staff member for every five patients at all times during Named Plaintiffs' shifts. Id. at ¶ 31. Due to Fresenius' ratio policy, Named Plaintiffs are not permitted to leave the building during meal breaks. Id. at ¶ 33. Named Plaintiffs must remain on-call during the entire 30-minute meal break in order to respond to patients' needs. Id. at ¶ 34. As a result, Named Plaintiffs allege that they have "rarely, if ever, taken a bona-fide meal break." Id at ¶ 35.

Fresenius agreed to pay Named Plaintiffs "according to hours worked" per Fresenius' Employee Wages & Work Hours Policy (the "Policy") contained in an employee handbook, which was in effect from August 1, 2009 until June 23, 2013. Id. at ¶ 36. The Policy expressly defines "hours worked" as "[a]ll the time an employee is required to be 1) on duty, 2) on the employer's premises, or 3) at any prescribed place of work, or any additional time the employee is allowed to work whether or not requested by the employer." Id. at ¶ 37. In a subsequent section, the Policy provides that "[m]eal periods are 30 minutes and are not considered hours worked." Id. at ¶ 38.

According to Named Plaintiffs, the Policy contained in the handbook constituted a contract between Fresenius and Named Plaintiffs to pay them for any hours where Named

3

Plaintiffs are required to remain at Fresenius' facility, including for any meal periods during which Fresenius required Named Plaintiffs to be on the Fresenius' premises. Id. at ¶¶ 39, 40.

On June 23, 2013, Fresenius revised the Policy to redefine "hours worked" as "all time an employee is required to perform job duties, or any additional time the employee works whether or not requested by the employer." Id. at ¶ 41.

Since Named Plaintiffs are not permitted to leave Fresenius' premises during meal breaks and in fact must remain on-call during the entire 30 minute meal break, Named Plaintiffs claim that the 30 minute meal breaks should be considered by Fresenius as "hours worked" as that term is defined in the Policy. Named Plaintiffs contend that by failing to pay them for the 30-minute meal breaks, Fresenius has violated the WPCL and has been unjustly enriched.

The WPCL was enacted "to provide employees a means of enforcing payment of wages and compensation withheld by an employer." Shaer v. Orthopaedic Surgeons of Cent. Pa., Ltd, 938 A.2d 457, 464 (Pa. Super. Ct. 2007). The law "does not create a right to compensation . . . [r]ather it provides a statutory remedy when the employer breaches a[n] . . . . obligation to pay earned wages." De Ascenzio v.Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. Cir. 2003); See 43 Pa. Cons. Stat. Ann. § 260.9a (a),(b). A party can only recover unpaid wages under the WPCL that were due to them under an employment contract. Id.; Drummond v. Herr Foods, Civ. A. No. 13-5991, (E.D. Pa. January 9, 2014); Scott v. Bimbo Bakeries, USA, Inc., Civ. A. No. 10-3154, 2012 WL 645905 (E.D. Pa. Feb. 29. 2012); Braun v. Wal-Mart Stores, Inc., 24 A. 3d 875, 954 (Pa. Super. Ct. 2011).

Named Plaintiffs rely solely on the Policy contained in the employee handbook as evidence that the parties entered into a contract to compensate Named Plaintiffs for meal breaks

4

taken on Fresenius' premises. Indeed, an employee handbook may constitute a contract enforceable against the employer "if a reasonable person in the employer's position would interpret its provisions as evidencing the employer's intent to supplant the at-will rule and be bound legally by its representations in the handbook" Luteran v. Loral Fairchild Corp., 688 A.2d 211, 214 (Pa. Super. Ct. 1997). It is for the court to determine whether a handbook contains the necessary "clear indication that the employer intended to overcome the at-will presumption." Id.

The problem facing Named Plaintiffs in this case is that the employee handbook contains a disclaimer on each page which states:

> Human Resources Policies, Procedures and Forms do not create an express or implied contract between Fresenius and any of its employees. Frensenius reserves the right to terminate any employee, at any time, with or without notice or procedure, for any reason. Fresenius reserves the right to modify these policies, procedures, and forms, amend or terminates any policies, procedures, forms or employee benefit programs

(Mot. to Am., Doc. 12-4, Exh. A).

A disclaimer announcing that the handbook is not intended as a contract can dispel the existence of a contract. See Rutherfoord v. Presbyterian Univ. Hosp., 612 A.2d 500, 504 (Pa. Super. Ct. 1992) (finding no contract as a matter of law where a handbook that the plaintiff did not even see until after he was terminated contained a disclaimer that its policies were "not intended to be a legal contract" and were "revised from time to time"); see also Ade v. KidsPeace Corp., 698 F.Supp. 2d 501, 522 (E.D. Pa. 2010), aff'd, 401 F. App'x 697 (3d Cir. 2010)(finding a handbook with an express disclaimer insufficient to constitute a contract, "particularly in light of its express statements disavowing any contractual obligation"); Landmesser v. United Air Lines,

5

Inc., 102 F.Supp. 2d 273, 280 (E.D.Pa. 2000)("explicit disclaimer of the formation of a contract nullifies plaintiff's claim for breach of contract"); Anderson v. Haverford Coll., 851 F.Supp. 179, 182 (E.D. Pa. 1994)("Courts have held that provisions in employee handbooks which contain disclaimers or state there is no intent to create an employment contract are sufficient to retain the at-will presumption").

Since Fresenius' handbook explicitly disclaims the existence of an express or implied contract between Fresenius and its employees, plaintiffs may not rely on the handbook to evidence that the parties entered into a contract.

Even in the absence of a disclaimer, plaintiffs have failed to allege any of the elements for breach of contract (offer, acceptance and breach) regarding the employee handbook.[1] Specifically, Named Plaintiffs fail to allege in their amended complaint that: 1) Fresenius intended the Policy contained in the handbook to serve as binding contract; 2) Fresenius distributed the Policy to Named Plaintiffs or other employees; 3) Fresenius induced Named Plaintiffs or other employees to work or accept employment based upon the alleged promises in the Policy; or 4) that Named Plaintiffs or other employees actually continued to work or accepted employment based on the alleged promises in the Policy. Instead, Named Plaintiffs merely allege in conclusory fashion that the Policy "constituted a contract between Defendants and Named Plaintiffs to pay Named Plaintiffs for any hours where Named Plaintiffs are/were required to remain at Defendant's

---

[1] To prove a valid claim for breach of contract, plaintiff must demonstrate: 1) the existence of contract; 2) breach of a duty imposed by the contract; and 3) resultant damages. CoreStates Bank, Nat'l Ass'n v. Cutillo, 23 A.2d 1053 (Pa. Super. Ct. 1999). Specifically, there must be an agreement on the essential terms of the contract, in particular, offer, acceptance, consideration and/or a mutual meeting of the minds. Jenkins v. County of Schuykill, 658 A.2d 380, 383 (Pa. Super. Ct. 1995).

6

facility." Am. Compl. at ¶¶ 39, 48.

A contract can also be implied-in-fact. "A contract implied in fact is an actual contract which arises when the parties agree on the obligation to be incurred, but their intention, instead of being expressed in words, is inferred from the relationship between the parties and their conduct in light of the surrounding circumstances." McGough v. Broadwing Communications, Inc., 177 F.Supp. 2d 289, 296 (D.N.J. 2001). "However, a promise to pay for services can only be implied, however, in circumstances under which the party rendering the services would be justified in entertaining a reasonable expectation of being compensated by the party receiving the benefit of those services." Id. at 297 (citing Martin v. Little, Brown and Company, 304 Pa. Super 424, 429 (1981)).

It is clear that the written Policy expressly defines "hours worked" as "[a]ll the time an employee is required to be 1) on duty, 2) on the employer's premises, or 3) at any prescribed place of work, or any additional time the employee is allowed to work whether or not requested by the employer." Am. Compl. at ¶ 37. It would follow that if Named Plaintiffs believe that since a meal break is required to be taken on the premises and the employee must be on call during the meal break, the meal breaks qualify as "hours worked" and are therefore compensable. However, it is clear in a subsequent section that the Policy specifically provides that "[m]eal periods are 30 minutes and are not considered hours worked." Am. Compl. at ¶ 38. Moreover, Fresenius did not have a practice of compensating employees for meal breaks taken on its premises, and Named Plaintiffs do not allege otherwise. Id. at ¶ 42. Clearly sometime during the work day, the Named Plaintiffs were entitled to take 30 minutes for themselves, whether interrupted or uninterrupted, albeit without leaving the premises. Under these circumstances, it would not have been reasonable

7

for Named Plaintiffs to have expected to be paid for the 30 minute meal breaks taken on or off the premises.

Named Plaintiffs rely on McGough and Braun as examples of cases where the court found that the defendants were legally obligated to compensate plaintiffs despite the presence of a clause disclaiming the existence of a contract. Named Plaintiffs argue that in these two case, the court found that the disclaimer was limited to disclaiming an at-will employment relationship and did not excuse the defendants from paying compensation to plaintiffs for work rendered. The Court finds that both cases are factually distinguishable from the case at hand.

In McGough, supra, the plaintiffs alleged that the defendant failed to pay them commissions in violation of the WPCL, because defendant initially distributed a compensation plan detailing the manner in which commissions were to be calculated for sales managers, but then subsequently announced modifications to the commission calculations orally without distributing a revised compensation plan. In addition, the plaintiffs alleged that defendant's past practice was to pay them wages and commissions for the services they provided over their course of employment. Under these facts, the Court concluded that plaintiffs sufficiently plead a cause of action for an implied breach of contract under the WPCL.

In the case sub judice, on the other hand, Fresenius did not change its policy with reference to compensation for meal breaks taken on its premises. As discussed, supra, Fresenius' policy was, and continues to be, that meal breaks are not considered "hours worked", and thus are not compensable. Additionally, Fresenius did not have a practice of compensating employees for meal breaks taken on its premises, and Named Plaintiffs do not allege otherwise. Under these circumstances, it would not have been reasonable for Named Plaintiffs to have expected to be paid

8

by Fresenius for meal breaks taken on or off the premises.

In Braun, supra, the plaintiffs alleged that Wal-Mart violated the WPCL by failing to compensate employees for rest breaks in accordance with the rest break policy set forth in the employee handbook. Specifically, the policy provided, in pertinent part, "Associates will be provided breaks . . . Associates are to take full, timely, uninterrupted breaks. . . .Break periods are 15 uninterrupted minutes in length. . . .Associates receive compensation for break time at the applicable rate of pay." Since Wal-Mart agreed to provide its employees with and pay them for taking rest breaks, the Court found that Wal-Mart violated the WPCL when Wal-Mart did not provide its employees with rest breaks and the associated payments for those rest breaks.

In the case sub judice, by contrast, Fresenius did not agree to compensate its employees for meal breaks whether taken on the premise or not. In fact, Fresenius's policy expressly provides that meal breaks are not considered hours worked.

Since Named Plaintiffs have not alleged any contractual obligation, either express or implied, for Frensius to pay them for meals taken while on duty and on Fresenius' premises, and the employee handbook contains a contract disclaimer clause on each page, Named Plaintiffs have failed to state a claim under the WPCL.

Fresenius has also moved to dismiss the unjust enrichment claim, arguing that since Named Plaintiffs have failed to establish a contractual right to be paid for meal breaks taken on the premises while on duty, Named Plaintiffs cannot establish a claim for unjust enrichment. The Court agrees. In addition, since Named Plaintiffs have not responded this part of Fresenius' motion, the Court will grant it as unopposed.

An appropriate Order follows.

9